# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

           Plaintiff,

    v.                                        Case No.  07-CR-42

CLARENCE HOWARD,

           Defendant.

_____

## ORDER

On September 20, 2007, this court sentenced Clarence Howard to 160 months' imprisonment for violations of 21 U.S.C. § 846. Howard's total offense level was 31 and he had a criminal history category of VI; under this matrix, his guideline term of imprisonment was 188-235 months. Howard's total offense level was determined on the basis of the court's finding that he was a career offender pursuant to U.S.S.G. § 4B1.1. Based upon the filing of a § 5K1.1 motion filed by the government, the court imposed a sentence below the advisory guideline range and sentenced Howard to 160 months in prison.

On November 1, 2007, the United States Sentencing Commission amended the advisory federal sentencing guidelines for criminal offense involving crack cocaine. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, these amended guidelines would apply retroactively to all offenders who were sentenced under the previous versions of the sentencing guidelines and who are presently incarcerated. The practical effect of these

amendments is that, pursuant to the provisions of 18 U.S.C. § 3582(c)(2), defendants previously convicted of offenses involving crack cocaine may be eligible for a reduction in their sentence.

On April 28, 2008, Howard filed a pro se motion to reduce his sentence pursuant to § 3582(c)(2). Having considered Howard's motion, together with an analysis from the United States Probation Office and input from the United States Attorney's Office, the court concludes that his motion must be denied. Under the amended guidelines, Howard's offense level and sentencing guideline range remain the same. As noted above, Howard's guideline range was calculated pursuant to § 4B1.1, which is not a section affected by the Sentencing Commission's amendments. The Sentence Commission prohibits a court to revisit a sentence that a retroactive amendment does not alter. *See* U.S.S.G. § 1B1.10(a)(2)(B). Stated another way, an amendment must lower the range under which the defendant was originally sentenced to be subject to a reduction in sentence under § 3582(c)(2). *See United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir.2003) (affirming the denial of a defendant's § 3582 motion when the retroactive amendment did not affect the defendant's sentence). The court finds no factual or legal basis to reduce the sentence of 160 months' imprisonment imposed on September 20, 2007.

Accordingly,

-2-

**IT IS ORDERED** that Howard's motion to reduce (Docket # 42) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge